UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GeLab Cosmetics LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> Zhuhai Aobo Cosmetics Co.,Ltd, <br> Zhuhai Shengjieer Cosmetics Co., Ltd, <br> Zhuhai Zhengjia Trading Co., Ltd, <br> Pingjun Li, <br> Ximei Peng, and, <br> Benhong Li, <br><br> *Defendants*. | CASE NO. 22-cv-05475 <br><br> **Judge:** Thomas M. Durkin <br><br> **Magistrate Judge:** Susan E. Cox |

**PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

Per Honorable Judge Durkin's Individual Practice, the parties have conferred prior to the filling of this motion. However, an agreement cannot be reached regarding the briefing schedule. Plaintiff's proposed schedule is as follows:

Defendants may have **7** days to respond and Plaintiff will have **3** days to file its reply. Defendants' agreed schedule is as follows:

Defendants may have **14** days to respond and Plaintiff will have **3** days to file its reply.

If the Court determines a hearing is necessary, Plaintiff respectfully requests an in-person hearing.

**I. INTRODUCTION**

Plaintiff GeLab Cosmetics LLC ("Plaintiff" or "GeLab"), by and through the undersigned counsel, hereby submit this Motion for Limited Discovery. Plaintiff requests leave to conduct limited discovery in advance of a formal discovery conference under Fed. R. Civ. P 26(f). As

outlined in greater detail below, this limited discovery is necessary for the Plaintiff to know the full extent of Defendants' misappropriation and ongoing use of Plaintiff's trade secrets.

While Plaintiff has performed its own evidence gathering through various channels, Defendants have additional information regarding their possession and use of the confidential documents and other trade secrets. Defendants also possess critical information concerning its disclosure and use of Plaintiff's trade secrets, including in connection with its testing, improvement, and development of competing products and in connection with poaching Plaintiff's customers, suppliers, and market. Such information will further support Plaintiff's forthcoming request for a preliminary injunction. Without a expedited discovery, those evidence could be destroyed. Accordingly, expedited discovery will help to further elucidate the full extent of Defendants' trade secret misappropriation.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure explicitly provide that a court may order discovery to proceed on an expedited basis. See Fed. R. Civ. P. 26(d), 33(a) and 34(b). "Courts apply a 'good cause' standard in considering motions to expedite discovery." *Hard Drive Prods., Inc. v. Doe,* 283 F.R.D. 409, 410 (N.D. Ill. 2012) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (internal quotation marks and citation omitted). "In deciding a motion for expedited discovery, the Court evaluates 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id.* (citation omitted).

Additionally, expedited discovery is appropriate where further development of the record before a preliminary injunction hearing will better enable a court to judge the parties' interests and

respective chances for success on the merits. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618 (N.D. Ill. 2000); *see also EXL Labs., LLC v. Egolf*, No. CIV.A.10-6282-RBS, 2010 WL 5000835, at *8 (E.D. Pa. Dec. 7, 2010) (granting plaintiff's motion for expedited discovery "concerning the scope of Defendants' acquisition, use and disclosure of Plaintiff's confidential and proprietary information" based on "the pending preliminary injunction hearing, [and] the need for discovery"); Fed. R. Civ. P. 26 Advisory Committee's Note (1993 Amendments to Subdivision (d)) (noting that expedited discovery may be appropriate in cases "involving requests for a preliminary injunction."). Here, the Court will be better equipped to decide Plaintiff's forthcoming motion for a preliminary injunction if Plaintiff is allowed to further develop the most fulsome record possible regarding Defendants' possession, disclosure, and use of Plaintiff's trade secrets.

Courts in this District have granted motions for expedited discovery to determine the full extent of misappropriation in cases involving trade secret theft. *See, e.g., Mintel Int'l Grp., Ltd. v. Neergheen*, No. 08-CV-3939-RMD, 2008 WL 2782818, at *7 (N.D. Ill. July 16, 2008) (granting expedited discovery in the form of written discovery responses and a deposition pertaining to plaintiff's trade secret misappropriation claim); *Nobel Biocare USA, Inc. v. Lynch*, No. 99 C 5774-GWL, 1999 WL 958501, at *4 (N.D. Ill. Sept. 15, 1999) ("The court also grants plaintiff's motion for expedited discovery as it provides a fuller record for the court when deciding whether to issue a preliminary injunction."). This is in accord with courts in other districts. *See, e.g., Comet Techs. United States of Am. Inc. v. Beuerman*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *7 (N.D. Cal. Mar. 15, 2018) (granting plaintiff's motion for expedited discovery to determine the scope of its trade secret misappropriation); *Nest Int'l, Inc. v. Balzamo*, No. CIV.A. 12-2087-JBS, 2012 WL 1584609, at *2 (D.N.J. May 3, 2012) (same).

# III. ARGUMENT

Here, good cause exists for expedited discovery because Plaintiff has filed an Application for a Temporary Restraining Order ("TRO") and will soon be filing a Motion for a Preliminary Injunction to prevent further possession, use, and disclosure of its trade secrets by Defendants. The narrowly tailored discovery outlined below would "provide[] a fuller record for the court when deciding whether to issue a preliminary injunction." *Nobel Biocare*, 1999 WL 958501, at *4. Further, at this juncture, Plaintiff only requests expedited discovery into matters directly relevant to its requests for injunctive relief. Plaintiff's discovery requests encompass only matters that will help the parties and the Court in determining the parties' respective chances for success on the merits.

Specifically, Plaintiff seeks leave to conduct limited discovery to determine 1) what products the Defendants sell or have sold on Amazon that are the same as or similar to Plaintiff's products; 2) when the Defendants first started selling these products; 3) whether, how and when Defendants used any Plaintiff's trade secret to manufacture, design, and advertise these products; 4) to what jurisdictions Defendants sold products using Plaintiff's trade secret; 5) how many units of the products using Plaintiff's trade secret were sold; 6) the scope and duration of the Defendants' use of any Plaintiff's trade secret to manufacture, design, and advertise these products; 7) all copies of all documents, files, or other materials relating to Plaintiff stored in the Defendants' computer or other cloud storage accounts; and 8) communications relating to the Defendants' legal representative with Plaintiff.

Plaintiff proposed the following expedited discovery schedule:

| DATE | EVENT |
|---|---|
| December 30, 2022 | Preliminary Injunction discovery opens |
| March 30, 2023 | Preliminary Injunction discovery closes((ordinary discovery rules apply subsequent discovery)) |

| April 6, 2023 | Plaintiff files its preliminary injunction motion |
| April 20, 2023 | Defendants file opposition to preliminary injunction motion |
| April 27, 2023 | Plaintiff files reply in support of preliminary injunction motion |
| At the Court's convenience | Preliminary Injunction hearing/status conference |

Plaintiff also proposes that 1) the period for responding to interrogatories or producing documents be shorten from 30 days to 15 days; 2) each side must disclose experts and complete expert discovery during the preliminary injunction discovery period; and 3) each side will be permitted to take Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 30(b)(1) depositions, and the parties will continue to confer regarding the total number of depositions to be conducted.

The requested discovery is narrowly tailored to address Defendants' acquisition of Plaintiff's trade secrets through improper means, and its subsequent use and disclosure of those trade secrets at Defendants. Indeed, Plaintiff's limited expedited discovery requests are tailored to obtain additional evidence concerning Defendants' possession, disclosure, and use of confidential Plaintiff's documents. These issues directly support Plaintiff's arguments in support of its TRO and forthcoming preliminary injunction motion regarding its success on the merits, the irreparable harm it is suffering and will continue to suffer, and the scope of the injunctive relief requested. The only purpose of Plaintiff's requested discovery is to allow more facts directly related to its injunctive relief requests to come to light before a hearing. Courts have found this to be a proper purpose for expediting discovery. *See, e.g., Nobel Biocare USA*, 1999 WL 958501, at *4; Nest Int'l, 2012 WL 1584609, at *2.

Further, Defendants cannot claim any real burden from the very limited discovery Plaintiff requests. Plaintiff requests merely amount to returning the files, data, and documents that Defendants took from Plaintiff, producing evidence concerning disclosure and use of Plaintiff's

trade secrets by Defendants, and identifying any Plaintiff's customers or suppliers that Defendants have communicated with since Defendants' theft of Plaintiff's trade secret. If there is any burden, it could only be in the sheer volume of data that Defendants took from Plaintiff—which is not a valid reason to claim burden in this instance. *See, e.g., United Cent. Bank v. Kanan Fashions, Inc.*, No. 10-C-331-MTM, 2010 WL 775040, at *4 (N.D. Ill. Mar. 5, 2010) (denying Defendants' motion to vacate the court's ordered expedited discovery, finding that the requested discovery was not unduly burdensome). As a matter of fact, this limited discovery will help the Defendants with their case preparation. Defendants' attorney Ms. Zhao has expressed Defendants' intention to seek a 60-day extension to file an answer. Ms. Zhao also stated that she received several thousands of pages of documents from the Defendants and she needs time to review these documents and "do some independent investigation."

## IV. EXIGENT CIRCUMSTANCES

Since Defendants misappropriated Plaintiff's trade secrets and competes with Plaintiff in making and selling nail polish products, Defendants need to eliminate competition and to avoid liability from their misappropriating activities are apparent. To achieve their goal, Defendants, conspired with Plaintiff's member Mr. Shijian Li("Mr. Li"), provided multiple forged documents, false allegations and side-switching statements **to this Court**. They are trying to **DECEIVE** the judicial system and this kind of practice is unacceptable.

For example, Defendants provided a declaration from a witness in a case in the federal court in the Northern District of Illinois. (ILND Case# 22-cv-02928) That declaration was later repudiated by the declarant. *See.* Exhibit A. The declarant stated that "[Defendants] drafted the statement themselves and tricked me into signing it...", "most of which is also not my own typing,

but is Ximei Peng typing via private chat sent to me, and then [she] asked me in person to forward to Li Shijian." *See*. Exhibit B.

Plaintiff believes that without an expedited discovery, the Defendants, with the help of Mr.Li, are going to forge, temper, and destroy evidence related to Defendants' misappropriation of Plaintiff's trade secret.

## V. CONCLUSION

For at least the foregoing reasons, there is good cause for expedited discovery and the Court should grant Plaintiff motion for expedited discovery to allow for further development of the record.

| | |
|---|---|
| Date: December 8, 2022 | /s/ Ruoting Men |
| | Ruoting Men, Esq. |
| | Ruoting.men@glacier.law |
| | 312-270-0413 |
| | Tianyu Ju, Esq |
| | Iris.ju@glacier.law |
| | GLACIER LAW LLP |
| | 200 E. Randolph Dr., Ste. 5100 |
| | Chicago, IL 60601 |
| | |
| | Tao Liu, Esq. |
| | Tao.liu@glacier.law |
| | Wei Yang, Esq. |
| | Wei.yang@glacier.law |
| | GLACIER LAW LLP |
| | 41 Madison Ave, Suite 2520 |
| | |
| | ***Attorneys for Plaintiff*** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 8, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

| | |
|---|---|
| Date: December 8, 2022 | /s/ Ruoting Men |
| | Ruoting Men, Esq. |
| | GLACIER LAW LLP |
| | 200 E. Randolph Dr., Ste. 5100 |
| | Chicago, IL 60601 |
| | ***Attorneys for Plaintiff*** |