UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GELAB COSMETICS LLC, | |
| Plaintiff, | No. 22 C 5475 |
| v. | Judge Thomas M. Durkin |
| ZHUHAI AOBO COSMETICS CO., LTD.; ZHUHAI SHENJIER COSMETICS CO., LTD.; ZHUHAI ZHENGJIA TRADING CO., LTD.; LI PINGJUN; PENG XIEMI; and LI BEHONG, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

GeLab Cosmetics alleges that it designed nail polish, and that it contracted with Defendants to manufacture and sell it. GeLab also alleges that its nail polish formula is a trade secret, and that Defendants misappropriated the trade secret by using it to manufacture and sell their own nail polish. Defendants have moved to stay the case, arguing that they actually own GeLab, and because the issue of GeLab's ownership is already being litigated in New Jersey state court. The motion to stay is granted.

**Background**

On February 22, 2021, Xingwang Chen filed an action in New Jersey state court alleging that he is the majority member of GeLab—the Plaintiff in this case. *See Chen Xingwang v. Zhuhai Abgel Cosmeti Cs Co. Lt*, No. ESX L 001435-21 (N.J. Sup. Ct.). Chen also filed a declaration in this case in support of GeLab's motion for a temporary restraining order, in which he states that he is "the shareholder of

GeLab." *See* R. 10-5 ¶ 2. The Court presumes that Chen caused this case to be filed on behalf of GeLab.

In New Jersey, Chen sued an entity called Zhuhai Abgel Cosmetics. In this case, one of the defendant entities is called Zhuhai Aobo Cosmetics. But GeLab alleges in its complaint in this case that Zhuhai Abgel and Zhuhai Aobo are the same entity. *See* R. 1 ¶ 14.

In addition to Zhuhai Abgel, Chen also sued four individuals in New Jersey. Two of those individuals are also defendants in this case. In the declaration he filed in this case, Chen alleges that all of the individual defendants are familialy related and own all the various Zhuhai entities in both cases. *See* R. 10-5 ¶¶ 3-7.

In the New Jersey case, the defendants answered the complaint and made counterclaims alleging that they own the majority of GeLab through Zhuhai and that Chen is merely a minority owner. They also allege that Chen has been stealing money from GeLab. Part of the relief the defendants seek in the New Jersey case is a declaratory judgment that they own the majority of GeLab and Chen owns only ten percent. *See* R. 26-6 at 16. Defendants contend that their primary defense to GeLab's claims in this case will be that they own GeLab and so cannot have misappropriated its trade secrets. *See* R. 26 at 8-9.

The New Jersey court has already granted partial summary judgment to one of the individual defendants in that case, finding that the individual has a right to access GeLab's records. (The defendant granted partial summary judgment in New Jersey is not a defendant in this case, but as mentioned, is related to the individual

2

defendants in this case.) The New Jersey court has also appointed a "temporary fiscal agent" to monitor and approve GeLab's expenditures over $10,000 and to audit GeLab. *See* R. 39-3. Currently, discovery is scheduled to end in the New Jersey case on April 24, 2023. *See* R. 39-2 at 1.

## Analysis

Defendants argue that this case should be stayed under the *Colorado River* doctrine. That doctrine provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote wise judicial administration." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 818 (1976)). In determining whether to abstain, a court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphases in original). The Supreme Court has "emphasized that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colorado River*, 424 U.S. at 813, 817).

The *Colorado River* analysis has two steps. First, the court inquires "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018. If the

3

proceedings are not parallel, *Colorado River* abstention must be denied. If the proceedings are parallel, the court then must weigh ten non-exclusive factors to determine whether abstention is proper. *See id.*

I.   **Parallel Proceedings**

State and federal suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed*, 756 F.3d at 1019. GeLab argues that the two cases are not parallel because the parties and claims are not identical. But the cases need not be identical to be parallel. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011) ("[F]or *Colorado River* purposes . . . [p]recisely formal symmetry is unnecessary."); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("[The plaintiff] is correct in its assertion that differences exist. However, the requirement is of parallel suits, not identical suits."). Rather, the question is "whether there is a substantial likelihood that the [state] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).

Here, the parties in both cases "have nearly identical interests." *Freed*, 756 F.3d at 1019. GeLab's interests in this case are aligned with Chen's interests in the New Jersey case, because Chen filed the New Jersey case and acted through GeLab to file this case, both in an attmpet to assert rights against the Zhuhai defendants arising from the same business transactions. And as Chen alleges in this case, all the individual defendants are aligned as owners of Zhuhai entities that claim ownership and control of GeLab. Therefore, the parties are substantially the same.

4

The issues in both cases are also parallel because they "arise from the same set of facts." *Freed*, 756 F.3d at 1019. Both cases arise from the parties' disputes as to the ownership of GeLab and their related business transactions. Both sides bring ancillary claims that flow from their claim to ownership (the trade secret claims in this case; the fraud claims in the New Jersey case). But the issue of ownership is primary and fundamental in both cases.

At bottom, resolution of the ownership issue will resolve the trade secret claims in this case. If Defendants here own GeLab, they will not maintain claims against themselves. Therefore, because the Court finds that the parties and issues are substantially the same, the Court finds that the cases are parallel.

## II. Other Factors

Even if cases are parallel, abstention may not be appropriate for a variety of reasons. In making this determination, courts must consider at least the following ten factors:

> (1) whether the state has assumed jurisdiction over property;
> (2) the inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) the source of governing law, state or federal;
> (6) the adequacy of state-court action to protect the federal plaintiff's rights;
> (7) the relative progress of state and federal proceedings;
> (8) the presence or absence of concurrent jurisdiction;
> (9) the availability of removal; and
> (10) the vexatious or contrived nature of the federal claim.

*Freed*, 756 F.3d at 1018.

Here, consideration of these factors requires that this case be stayed. First, the New Jersey court has appointed a "temporary fiscal agent" to monitor and audit GeLab and to approve its expenditures over $10,000. As discussed, neither case is solely about control of GeLab. But that issue is a foundational to both cases. By appointing a monitor over GeLab's assets, the New Jersey court has assumed primary jurisdiction over the assets that are at the heart of both cases.

With control of GeLab being at the heart of both cases, abstention is proper to avoid piecemeal litigation. Both cases are on track to a finding regarding proper control of GeLab. The New Jersey case was filed more than a year earlier than this case and is nearing completion of discovery. As such, it is much further along than this case, which is only in its beginning stages. The New Jersey case should be allowed to reach resolution on the issue of control over GeLab without competing rulings from this Court.

Further, GeLab is a limited liability company incorporated in New Jersey, with its principal place of business in New Jersey, and Defendants are citizens of New Jersey. The New Jersey court has already applied New Jersey law appliable to limited liability companies to grant partial summary judgment to one of the individual defendants in the New Jersey case. *See* R. 26-2 at 67-71. The New Jersey court is better suited to apply the relevant New Jersey law.

Lastly, Defendants contend that this case is a "vexatious and contrived" attempt "to preempt an unfavorable ruling in the New Jersey litigation." R. 26 at 13. There does not appear to have been any reason for this case to have been filed in

6

Illinois. GeLab (and Chen) could have brought the trade secret claims in the New Jersey case. And the decision to omit reference to the New Jersey case in the complaint here suggests an attempt to circumvent the New Jersey court. It is unnecessary, however, for the Court making a finding on this issue, because consideration of the forgoing factors weighs strongly in favor in staying this case in favor of the New Jersey litigation.

## Conclusion

Therefore, Defendants' motion to stay [26] is granted. GeLab's motion for discovery [24] is denied as moot. The parties should file a joint status report on June 2, 2023, or as soon as the New Jersey case is resolved, whichever comes first.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 2, 2023